UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARTIN SANCHEZ ALANIS, | Case No. 1:13-cv-00808-AWI-DLB PC |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION** |
| v. | |
| COPENHAVER, et al., | **ORDER REQUIRING PLAINTIFF TO FILE A COMPLAINT** |
| Defendant. | (ECF Nos. 1, 5, 7, & 11) |
| | THIRTY-DAY DEADLINE |

Plaintiff Martin Sanchez Alanis ("Plaintiff"), a federal prisoner proceeding pro se in a civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), filed motions for preliminary injunctions on May 22, 2013, June 12, 2013, June 14, 2013, and August 8, 2013. (ECF Nos. 1, 5, 7, & 11.) To date, Plaintiff has not filed a complaint with the Court. Local Rule 231 requires that a complaint be filed in order for the Court to consider motions for preliminary injunctions. Local Rule. 231(c)(1).

Moreover, a "preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to

1

1  relief. Id. at 376 (citation omitted) (emphasis added).

2        Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

      The issue is not that Plaintiff's allegations are not serious or that Plaintiff is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's allegations cannot and do not overcome what is a *jurisdictional* bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."). With no complaint on file, there is no actual case or controversy before this Court.

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for preliminary injunctive relief, filed May 22, 2013, June 12, 2013, June 14, 2013, and August 7, 2013, are DENIED, for lack of jurisdiction; and

2. Plaintiff is ordered to file a complaint within thirty (30) days of service of this order or this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 17, 2014                      /s/ Anthony W. Ishii
                                                 SENIOR DISTRICT JUDGE