# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SANCHEZ ALANIS<br><br>Plaintiff,<br><br>v.<br><br>COPENHAVER, et al.,<br><br>Defendant. | Case No. 1:13-cv-00808-AWI-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 6) |

Plaintiff Martin Sanchez Alanis ("Plaintiff") is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971). On May 31, 2013, the Court issued an order denying Plaintiff's application to proceed in forma pauperis. (ECF No. 4.) On Jun 12, 2013, Plaintiff filed a motion for reconsideration. (ECF No. 6.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

The Court denied Plaintiff's motion to proceed in forma pauperis, without prejudice, because he had failed to file the proper application. (ECF No. 4.) Plaintiff argues in his motion for reconsideration that he is entitled to proceed in forma pauperis because he meets the requirements for imminent danger under 28 U.S.C. 1915(g). In the event that Plaintiff does meet the imminent danger exception, Plaintiff must nonetheless submit the proper application to proceed in forma pauperis.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed June 12, 2013, is DENIED; and

2. The Clerk's office is directed to attach an application to proceed in forma pauperis to this order.

IT IS SO ORDERED.

Dated:   **March 20, 2014**                          /s/ Dennis L. Beck
                                                     UNITED STATES MAGISTRATE JUDGE